**Zewditu SEYOUM; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72293.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2007.

Filed Aug. 14, 2007.

James C. Angleton, Law Offices of James C. Angleton, Los Angeles, CA, for Petitioners.

John Ashcroft, Attorney General, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Zewditu Seyoum and her minor son, Solomon Yoseph, natives and citizens of Ethiopia and apparently identified by the authorities there as being of Eritrean origin, petition for review of the BIA's decision dismissing their appeal from an IJ's denial of their application for asylum and withholding of removal. We have jurisdiction over this petition under 8 U.S.C. § 1252 and review for substantial evidence. *See Mgoian v. INS*, 184 F.3d 1029, 1034 (9th Cir.1999). We accept Zewditu's testimony as undisputed because the IJ found her credible and the BIA made no contrary finding. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004). We grant the petition and remand to the BIA.

Substantial evidence does not support the BIA's determination that Zewditu did not suffer past persecution on account of a protected ground. Zewditu's husband, a university professor, protested the treatment of Eritreans in his department. A short time later he was poisoned and his murder was not properly investigated by the authorities. Zewditu believes that he was murdered by the Tigrean Security Forces. Ten days later, after attempting to find answers regarding her husband's death, Zewditu was arrested, assaulted, and detained in deplorable conditions for allegedly supporting the Eritrean government. She was threatened with deportation to Eritrea without her son and was only able to avoid this fate after colleagues of her husband secured her release by bribing the authorities. Her testimony is consistent with the Country Report that states that during this period of time, tens of thousands of Eritreans and Ethiopians of Eritrean origin were deported by the government. The totality of these circumstances compel the conclusion that Zewditu suffered persecution by the Ethiopian government on account of her ethnicity. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir.2004) (stating that we look at the totality of the circumstances to determine whether a petitioner suffered persecution); *Shoafera v. INS*, 228 F.3d 1070, 1076 (9th Cir.2000) (finding that petitioner was persecuted because of her ethnicity). Therefore, Zewditu is entitled to the presumption that she has a well-founded fear of future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1); *Deloso v. Ashcroft*, 393 F.3d 858, 863–64 (9th Cir. 2005).

We GRANT Zewditu's petition and REMAND to the agency to allow the government the opportunity to meet its burden under 8 C.F.R. § 1208.13(b)(1) of rebutting the presumption of a well-founded fear of future persecution. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**GRANTED AND REMANDED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.